**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**ZAYCHENKO TIMOFEY PETROVICH,**
**A#076042117,**

**Petitioner,**

**v.** **CIVIL ACTION NO. 2:26cv257**

**PAUL PERRY,**
***Caroline Detention Facility,***

**And**

**RUSSELL HOTT,**
**ICE WASHINGTON FIELD OFFICE,**

**Respondent.**

# REPORT AND RECOMMENDATION

This matter was initiated by Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed by pro se Petitioner Zaychenko Timofey Petrovich[1] ("Petitioner" or "Zaychenko"). Pet. (ECF No. 1). Zaychenko is an immigration detainee currently being housed at Caroline Detention Facility. His Petition alleges he is unlawfully subject to immigration detention awaiting removal and seeks release from custody on the grounds that his removal to Kyrgyzstan is not reasonably foreseeable.[2] Id. at 6. For the reasons explained by this court in its September 21, 2026 Memorandum and Order to Show Cause ("Show Cause Order"), (ECF No. 18), and reiterated below, the undersigned recommends that the court GRANT Petitioner's § 2241 amended petition, (ECF No. 6).

---

[1] For the reasons stated in a prior Order, Petitioner will be referred to as "Zaychenko" in this Report and Recommendation. (ECF No. 18).

[2] The matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Rule 72(b) of the Federal Rules of Civil Procedure. (ECF No. 4).

## I. FACTUAL AND PROCEDURAL HISTORY

On September 21, 2026, this court entered a Memorandum and Order to Show Cause outlining the factual and procedural history of this case. (ECF No. 18). To recap, Zaychenko is a native of Uzbekistan and citizen of Kyrgyzstan who was admitted to the United States as a refugee on April 19, 1999 in New York. Byrne Decl. ¶¶ 5-6 (ECF No. 9-1, at 2). Thereafter, Assistant Director Byrne asserts that Zaychenko had various misdemeanor convictions as well as a Class 5 felony drug possession charge between 2012 and 2024. Byrne Decl. ¶¶ 7-10.

On September 23, 2025, ERO Washington encountered Petitioner at Coffeewood Correctional Center in Mitchells, VA, and issued a Notice to Appear, Form I-862, charging him under 8 U.S.C. § 1227(a)(2)(B)(i), as an alien subject to deportation as a result of his felony drug conviction. Id. ¶ 12.

At a hearing on October 21, 2025 before an Immigration Judge, he was ordered removed to Kyrgyzstan, with Uzbekistan in the alternative. Both parties waived appeal, and thus the removal order became final that date. Id. ¶ 13.

On March 17, 2026, approximately five months after his final removal order, Zaychenko filed his § 2241 Petition. Pet. (ECF No. 1). Respondents moved to dismiss the Petition, asserting that Zaychenko's detention is mandatory and lawful under 8 U.S.C. § 1231 pending his removal to Kyrgyzstan, Fed. Respt.'s Opp'n to Pet. ("Respt.'s Opp'n") (ECF No. 9, at 2-3). The accompanying Byrne Declaration also outlined the Government's efforts to secure removal and the results of periodic post-order reviews of Zaychenko's continued detention. Byrne Decl. (ECF No. 9-1, at 16-19). Zaychenko subsequently filed a detailed substantive response. (ECF No. 15).

After reviewing Respondents' motion and Zaychenko's submissions, this court concluded that—absent an update on actual or expected progress toward removal from the Government—Zaychenko's proffer was sufficient to demonstrate no significant likelihood of removal to Kyrgyzstan in the reasonably foreseeable future. Id. This court expressly provided Respondents with an opportunity to provide an update and respond to Zaychenko's factual allegations. (ECF No. 18). Respondents responded to the Court's Order, but did not present any new facts or argument relevant to prior, ongoing, or even likely future removal efforts. See Resp't's Response to Court's September 21, 2026 Order (ECF No. 22). Thus, the original Byrne Declaration, dated April 17, 2026, remains the Government's most recent update on its efforts to secure Zaychenko's removal to Kyrgyzstan. Apart from post-order custody reviews, the last documented effort to effect Zaychenko's removal was a request for travel documents submitted to the Consulate of Kyrgyzstan on November 11, 2025. Byrne Decl. ¶ 19.

Zaychenko first moved for an extension of time to respond to Respondents' update, (ECF No. 23), and thereafter filed another detailed response with the court. Pet'r Resp. (ECF No. 24). Because Zaychenko's response was filed prior to the October 8, 2026 set out in the court's prior Order, his Motion for Extension (ECF No. 23) is TERMINATED AS MOOT.[3] His substantive response also confirms there has been no change to his detention status, and no further progress towards obtaining travel documents or otherwise removing him. Accordingly, Zaychenko's removal is still not

[3] Zaychenko also moved for leave to supplement the record with additional arguments. (ECF No. 20) and to file a corrected declaration (ECF No. 21). Both motions are GRANTED. The court has considered the arguments in Zaychenko's supplemental brief (ECF No. 20-1). The clerk is DIRECTED to SEAL the original declaration in support of the petition (ECF No. 15-1) and substitute the corrected declaration with Zaychenko's minor children's birth dates omitted. (ECF No. 21-1).

reasonably foreseeable, yet he remains detained. He has received no further communication regarding travel documents from Kyrgyzstan, nor any decision on his post order custody review which was conducted March 20, 2026. Pet'r Resp. (ECF No. 24, at 4). His filing reiterates that he may reside with his father, a U.S. citizen, at his home in Harrisonburg and that he has repeatedly cooperated with efforts to remove him. Id. He asserts that if travel documents are issued he will depart. Id.

## II. DISCUSSION

For the reasons explained in greater detail in the court's Show Cause Order, which are reinforced by Respondents' continued reliance on their prior briefing, (ECF No. 18), Zaychenko has carried his burden to show that his "removal is no longer reasonably foreseeable" such that his continued detention violates due process. Zadvydas v. Davis, 533 U.S. 678, 702 (2001); see Castaneda v. Perry, 95 F.4th 750, 760 (4th Cir. 2024) ("[T]he Zadvydas standard is due process."); Cruz v. Hott, No. 2:26cv234, ECF No. 22, at 3 (E.D. Va. May 5, 2026). Importantly, as of the date of this Report and Recommendation, DHS has been, or should have been, pursuing removal efforts to Kyrgyzstan or Uzbekistan for nearly a year, yet Respondents report no progress toward removing Zaychenko and no ongoing negotiations with Kyrgyzstan or other countries. See Cruz, ECF No. 22, at 4. Nor has the Government even attempted to demonstrate "a likelihood of successful future negotiations" with regard to Zaychenko's removal. Zadvydas, 533 U.S. at 702; see Nawabi v. Trump, No. 25-3831, 2026 WL 1584489, at *11 (D. Md. June 3, 2026) (concluding due process required the petitioner's release where the Government failed to secure travel documents for an Afghan national for over six months without satisfactorily rebutting evidence that removal was not reasonably

foreseeable). As previously stated by this court, the Government's initial removal efforts and periodic custody reviews may have been adequate to meet the requirements of due process under Zadvydas as of the date of the Byrne Declaration in May 2026. Show Cause Order (ECF No. 11, at 8). But now, Zaychenko has remained in immigration custody for almost a year, and the Government has provided no additional updates within the last six months. By failing to provide such updates and its reliance on previous conclusory statements, the Government has failed to rebut Zaychenko's showing that there is no significant likelihood of his removal to Kyrgyzstan in the reasonably foreseeable future. See id. at 9; Castenada v. Perry, 95 F.4th 750, 756 (2024); Nawabi, 2026 WL 1584489, at *11.

## III. CONCLUSION

Because Respondents failed to show cause why Zaychenko's motion should not be granted, and for the reasons stated above and in this court's Show Cause Order, I recommend Petitioner's § 2241 amended petition (ECF No. 6), be GRANTED. Though Zaychenko's continued indefinite detention violates due process, there remains a need to protect the public. Accordingly, Petitioner should be RELEASED from custody under the terms of supervision set forth by DHS.[4]

## IV. REVIEW PROCEDURES

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

[4] Zaychenko's response to the Show Cause order identifies certain conditions, as well as a Virginia home where he intends to reside. But nothing in this Report and Recommendation purports to recommend the appropriate conditions of supervision, which may be determined by DHS in the first instance.

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Newport News, Virginia

October 7, 2026

**Clerk's Mailing Certificate**

A copy of the foregoing was mailed this date to:

**Zaychenko Timofey Petrovich**
**A#076042117**
**Caroline Detention Center**
**P.O. Box 1460**
**Bowling Green, VA 24427**

and an electronic copy was provided to:

**John Eliot Beerbower**
**DOJ-USAO**
**2100 Jamieson Avenue**
**Alexandria, VA 22314**

Laura G. Griffin, Clerk

By /s/ J. L. Meyers
Deputy Clerk

October 7, 2026