UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ZAYCHENKO TIMOFEY PETROVICH,
A#076042117,

Petitioner,

v. CIVIL ACTION NO. 2:26cv257

PAUL PERRY,
*Caroline Detention Facility,*

And

RUSSELL HOTT,
ICE WASHINGTON FIELD OFFICE,

Respondents.

# <u>**FINAL ORDER**</u>

This matter was initiated by Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed by *pro se* Petitioner Zaychenko Timofey Petrovich[1] ("Petitioner" or "Mr. Zaychenko"). Pet., ECF No. 1. Mr. Zaychenko is an immigration detainee currently being housed at Caroline Detention Facility. His Petition alleges he is unlawfully subject to immigration detention awaiting removal and seeks release from custody on the grounds that his removal to Kyrgyzstan is not reasonably foreseeable. *Id.* at 6.

On March 17, 2026, the matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Rule 72 of the Rules of

[1] For the reasons stated in a prior Order (ECF No. 18), Petitioner will be referred to as "Mr. Zaychenko" in this Order.

the United States District Court for the Eastern District of Virginia for report and recommendation. ECF No. 4. On October 7, 2026, the Magistrate Judge filed a Report and Recommendation recommending that the court grant Mr. Zaychenko's Petition and release him from custody under the terms of supervision set forth by the Department of Homeland Security ("DHS"). R&R at 5, ECF No. 25. By copy of the report, each party was advised of his right to file written objections to the findings and recommendations made by the Magistrate Judge. *Id.* at 6. The Court has received no objections to the Report and Recommendation and the time for filing objections has now expired.[2]

When a magistrate judge's disposition has been properly objected to, the district judge must make *de novo* findings with respect to the portions objected to. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b)(3) (advisory committee's note on rules—1983); *see also Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing the advisory committee note to Fed. R. Civ. P. 72(b)).[3]

---

[2] On October 22, 2026, Mr. Zaychenko filed a Motion for an Order Requiring Advance Notice of Transfer or Removal Pending Disposition of the Petition ("Motion for an Order"). ECF No. 27. Therein, Mr. Zaychenko requests that the Court issue an order requiring Respondents to give advance written notice before transferring him out of the Eastern District of Virginia or executing an order of removal against him while the Petition is pending. *Id.* In light of the instant Order granting the Petition, the Motion for an Order is **DISMISSED as moot**.

[3] "The timely filing of objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned that failure to object will waive appellate review." *Berry v. Hunt*, 13 F. App'x 148, 149 (4th Cir. 2001) (citing *Wright v. Collins,* 766 F.2d 841, 845–46 (4th Cir.1985); *Thomas v. Arn,* 474 U.S. 140 (1985)).

The Court, having reviewed the record and having found no clear error, no party having objected, does hereby **ADOPT** and **APPROVE** the findings and recommendations set forth in the Report of the United States Magistrate Judge filed October 7, 2026 (ECF No. 25), and it is, therefore, **ORDERED** that the Petition (ECF No. 1) is **GRANTED**.

It is **FURTHER ORDERED** that Petitioner be **RELEASED** from custody under the terms of supervision set forth by DHS.[4]

The Clerk shall mail a copy of this Final Order to Petitioner and provide an electronic copy to counsel for Respondents.

**IT IS SO ORDERED**.

/s/
Arenda L. Wright Allen
Senior United States District Judge

Norfolk, Virginia
October 23, 2026

[4] Nothing in this Order purports to recommend the appropriate conditions of supervision, which may be determined by DHS in the first instance.